UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HANNAS STARKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:03CV1810 RWS |
| | ) |
| JODA, L.L.C., | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

In 1999, Hannas Starke and Wolf Haberle formed a Florida corporation, Fly Magic, Inc. (FMI), to own a helicopter. According to the verbal agreement reached between these two men, each would own one-half (50%) of the corporate stock, and FMI would take title to and own the helicopter free of any liens or encumbrances. Starke invested $267,500.00 of his own money and was issued one-half of FMI's stock.

Haberle, however, did not comply with the oral agreement. FMI purchased the helicopter and immediately encumbered it with a lien in favor of defendant Joda. Haberle executed all of the documentation on behalf of FMI without the knowledge or consent of Starke. FMI then failed to make the installment payments provided for in the loan documents, and as a result, Joda declared FMI in default of the loan. Haberle, once again acting on behalf of FMI and without Starke's knowledge or

consent, transferred title to the helicopter to Joda. Lawsuits followed.

Starke first sued Haberle in United States District Court for the Southern District of Florida and obtained summary judgment against him in the amount of $267,500.00. Apparently, the parties are uncertain as to Haberle's whereabouts.[1] Starke then instituted the present action against Joda. FMI is not a party to this lawsuit.[2] Starke's complaint is brought in his individual capacity and seeks personal relief for Starke, not FMI. Count I of the complaint seeks a declaration that the loan documents Haberle executed for FMI are void <u>ab initio</u>. Count II is for an accounting for the monies Joda received for leasing the helicopter after it took possession from FMI. Count III alleges that Joda converted the helicopter, and Counts IV and V of the complaint are claims for fraud and fraud by silence.

Following the close of discovery, Joda moved for summary judgment on all counts of the complaint. Joda contends that the fraud claims fail as a matter of law because it had no communications -- and no duty to engage in such communications -- with Starke concerning the helicopter transaction. Joda maintains that Starke

---

[1] During the last motion hearing, the parties informed me that they believe Haberle is "somewhere in Germany."

[2] As will be discussed later, Starke moved to amend his complaint to add FMI as a plaintiff only after the close of discovery and defendant's summary judgment motion was filed. After two hearings, I denied leave to amend the complaint.

lacks standing to pursue his remaining claims because the helicopter belonged to FMI, not Starke.

After Joda filed its summary judgment motion, Starke moved to amend his complaint to add FMI as a plaintiff in all counts of the complaint. Starke admitted that this procedural maneuver was designed to counter Joda's argument that he lacked standing to pursue this action. Starke offered no explanation for the failure to join FMI as a plaintiff earlier in the litigation. After two hearings, I denied Starke's motion to amend as untimely and unduly prejudicial to Joda. In reaching my decision, I explained that FMI was not prejudiced because my ruling did not preclude FMI from asserting its claims against Joda in a newly-filed action. Starke, however, continues to maintain that he has standing to pursue these claims individually in this action. In opposition to summary judgment, Starke also claims that he is pursuing these claims "derivatively on behalf of FMI" but his complaint is devoid of such allegations.

After careful consideration, I will grant Joda's motion for summary judgment on all counts of the complaint. My analysis follows.

Standards Governing Summary Judgment

In determining whether summary judgment should issue, I must view the facts and inferences from the facts in the light most favorable to plaintiff. Matsushita

Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Defendant has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Once defendant has met this burden, plaintiff cannot rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex, 477 U.S. at 323.

Background Facts

Despite the parties' voluminous summary judgment submissions, this case is straightforward.  Most of the material facts have already been summarized in the introduction above.  Additional material facts are as follows.

In 1999, title to the helicopter at issue in this case was held by a Florida corporation, Skymarine Inc. d/b/a Heli Express.  Haberle owned all of the stock in Skymarine.  Starke and Haberle orally agreed to form FMI to purchase the

helicopter from Skymarine.[3]   According to their agreement, the helicopter was supposed to be free of any liens and encumbrances.  In furtherance of their agreement, Starke invested $267,500.00 of his own money and was issued one-half of FMI's stock.  Haberle was the President of FMI and one of its two directors.  Starke was the Vice-President and the other director.

Haberle negotiated the purchase of the helicopter for FMI. Without Starke's knowledge or consent, Haberle immediately encumbered the helicopter with a lien in favor of Joda by executing a promissory note and security agreement on FMI's behalf.[4]   Haberle also executed a FAA bill of sale which on its face transferred ownership of the helicopter from FMI to Joda.  After FMI defaulted on the loan payments, Joda recorded the bill of sale and took possession of the helicopter.

Discussion

Counts IV and V - Fraud Claims

Starke's fraud claims are based on allegations that Joda and Haberle conspired to deceive him to enter into a business deal with Haberle.  Starke also

---

[3]The parties actually tried to purchase the helicopter in several prior unsuccessful deals, but these deals -- like most of the facts provided by both parties -- are irrelevant for purposes of deciding the instant motion for summary judgment.

[4]The parties disagree about whether the lien was for valid consideration in favor of FMI.  However, this disputed fact is not material to my determination of this case so it does not preclude summary judgment.

claims that Joda had an affirmative duty to tell him that Haberle had a poor credit history and that Joda placed a lien on the helicopter. Joda moves for summary judgment on these claims on the ground that it made no representations to Starke and had no duty to do so as a matter of law.

The parties agree that Florida law applies. The elements of misrepresentation or fraud under Florida law are: "1) the defendant made a false representation of past or present fact, 2) the defendant knew the statement was false, 3) the statement was made for the purpose of inducing the plaintiff to rely on it, and 4) the plaintiff's reliance was reasonable." Mergens v. Dreyfoos, 166 F.3d 1114, 1117 (11th Cir. 1999).

Starke admits that he had no communications with Joda about the helicopter and that all negotiations on behalf of FMI were conducted exclusively by Haberle. Instead, his affirmative fraud claim against Joda rests on the numerous misrepresentations that *Haberle* made to Starke to convince him to invest in FMI. Starke argues that Haberle's misstatements should be attributed to Joda because they conspired to defraud him. This claim, however, fails for a complete want of proof. Starke's only "evidence" of a conspiracy is that Joda did not contact him before it loaned money to FMI in connection with the sale of the helicopter. This, however, is not evidence of a conspiracy to defraud Starke. Instead, as discussed

below in connection with Starke's related fraud-by-silence claim, it only suggests that FMI and Joda were engaged in an ordinary commercial transaction. There is not a scintilla of evidence in the record that would lead a reasonable fact-finder to conclude that Haberle and Joda agreed to defraud Starke. While it is true that Starke established Haberle's fraud in the prior Florida action, he cannot attribute Haberle's misdeeds to Joda in this action simply through conclusory allegations that Joda "must have known" about them. Without any evidence of an agreement between Haberle and Joda to defraud Starke, his affirmative fraud claim fails as a matter of law.

Starke also contends that Joda defrauded him by failing to contact him directly about the security agreement and lien that Haberle executed on behalf of FMI. Plaintiff argues that Joda had a duty to contact him and secure his consent to the transaction because it knew that Haberle and Joda had agreed that FMI would own the helicopter free of encumbrances. Starke also contends that Joda had a duty to warn him about Haberle's poor credit history. "Fraud based upon a failure to disclose material information exists only when a duty to make such disclosure exists. This duty arises when one party has information which the other party has a right to know because there is a fiduciary or other relation of trust or confidence between the two parties. Where a party in an arms-length transaction undertakes to

disclose information, all material facts must be disclosed." Friedman v. American Guardian Warranty Services, Inc., 837 So.2d 1165, 1166 (Fla. Ct. App. 2003) (internal citations omitted).

In this case, no duty of disclosure arose as a matter of law because Joda had <u>no</u> relationship with Starke -- fiduciary or otherwise -- throughout the transaction at issue. It bears repeating that *Joda loaned money to FMI, not Starke*. Starke was not a party to the loan agreement. Starke's argument that Florida law imposes a duty of disclosure on "financial institutions concerning disbursement of money" simply misses the mark because Joda never disbursed money to Starke. Throughout the negotiations, FMI acted through its agent Haberle. Although Haberle may have breached his agreement with Starke by encumbering the helicopter, this is no way undermines the undisputed fact that Haberle -- an officer and director of FMI -- had at least apparent authority to bind FMI in this transaction with Joda.[5] Plaintiff's suggestion that Joda had a duty to seek him out to secure his consent before FMI could enter into a business transaction because of his shareholder status or the terms of the shareholder agreement finds no support in the laws of Florida or anywhere else. Similarly, plaintiff's contention that Joda had a

---

[5]Starke admits that Haberle had actual authority to conduct the negotiations on behalf of FMI in connection with the purchase of the helicopter.

duty to warn him that Haberle was a "risk" must be summarily rejected for the same reasons. "The fact that one party places trust or confidence in the other does not create a confidential relationship in the absence of some recognition, acceptance or undertaking of the duties of a fiduciary on the part of the other party." Lanz v. Resolution Trust Corp., 764 F. Supp. 176, 179 (S.D. Fla. 1991) (applying Florida law). No such undertaking was made here, so no duty to speak to Starke can be imposed upon Joda in these circumstances. For this reason, I will grant summary judgment to Joda on Starke's fraud-by-silence claim. Counts IV and V will be dismissed with prejudice.

Counts I, II and III: Declaratory Judgment, Accounting and Conversion Claims

Joda argues that the remaining claims to declare the security agreement void (Count I), for an accounting of the profits made by Joda after it took possession of the helicopter (Count II) and for conversion of the helicopter (Count III) fail for lack of standing. I agree. These claims belong to FMI, not Starke. FMI purchased and owned the helicopter, not Starke. FMI entered into the security agreement with Joda, not Starke. Starke's status as a shareholder does not vest him with standing to bring personal claims for alleged damages sustained by FMI. See Braun v. Buyers Choice Mortgage Corp. ex rel. McAloon, 851 So.2d 199, 203 (Fla. Ct. App. 2003); GFN Corp. V. KPMG Peat Marwick, 820 So.2d 944, 946 (Fla. Ct. App. 2002);

Mulligan v. Wallace, 349 So.2d 745, 746-47 (Fla. Ct. App. 1977). This tenet of corporate law is not altered by Starke's status as a 50 % shareholder, the terms of the shareholder agreement or even by the fact that Haberle breached the terms of the agreement.[6]

Starke argues that he has a sufficient stake in the outcome of this controversy sufficient to grant him standing because he invested money in the corporation and the corporation used his money to purchase the helicopter. Yet this fact does not create preclude summary judgment because it means nothing more than Starke is a shareholder of FMI. Starke cannot pursue corporate claims on his own behalf simply because FMI used his investment as part of the purchase price of the helicopter. Because Starke was not a party to (or an intended third-party beneficiary of) the security agreement, he cannot sue to have it declared void. See Maccaferri Gabions, Inc. v. Dynaterra Inc., 91 F.3d 1431, 1441 (11th Cir. 1996). [7]

---

[6]Florida law permits a party to a shareholder's agreement to sue individually for its breach. Harrington v. Batchelor, 781 So.2d 1133, 1135 (Fla. Ct. App. 2001). Starke availed himself of this remedy by suing the breaching party Haberle.

[7]In support of his claim that the transaction is void, Starke relies on Fla. Stat. Ann. Section 607. 1201 which provides that a Florida corporation may "on the terms and conditions and for the consideration determined by the board of directors: sell, lease, exchange or otherwise dispose of all, or substantially all, of its property in the usual and regular course of business . . . ." Starke's theory is that the helicopter transaction is void because he did not approve it as required by this statute. However, Starke ignores Section 607. 0304 of the statute, which provides

Because Starke never owned the helicopter, he cannot sue for its alleged conversion, see Marine Transportation Services Sea-Barge Group, Inc. v. Python High Performance Marine Corp., 16 F.3d 1133, 1140 (11th Cir. 1994) ("In Florida, the tort of conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time.") (emphasis supplied), nor is he entitled to demand an accounting for its alleged misappropriation as a matter of law. See Merle Wood & Associates, Inc. v. Interest-Quay Ltd. Partnership, 877 So.2d 942,

in relevant part:

> (1) Except as provided in subsection (2), the validity of corporate action, including, but not limited to, any conveyance, transfer, or encumbrance of real or personal property to or by a corporation, may not be challenged on the ground that the corporation lacks or lacked power to act.
>
> (2) A corporation's power to act may be challenged:
>
> (a) In a proceeding by a shareholder against the corporation to enjoin the act;
>
> (b) In a proceeding by the corporation, directly, derivatively, or through a receiver, trustee, or other legal representative, or through shareholders in a representative suit, against an incumbent or former officer, employee, or agent of the corporation . . . .

Fla. Stat. Ann. Sec. 607.0304. Starke's suit against Joda does not fall within any of the authorized actions set out in Section 607.0304( 2). Therefore, even if Starke had standing to bring a personal claim for declaratory relief he would not prevail on this claim as a matter of law. Summary judgment on Count I is appropriate for this alternative reason as well.

943-44 (Fla. Ct. App. 2004) (plaintiff who lacks standing to pursue claims is not entitled to equitable relief).

In his opposition to summary judgment, Starke claimed for the first time that he had standing to bring these claims as a derivative action on behalf of FMI. While Starke may have been able to bring a derivative action, he has not brought *this case* as a derivative action. Rule 23.1 of the Federal Rules of Civil Procedure governs the filing of derivative actions by shareholders and provides in relevant part as follows:

> In a derivative action brought by one or more shareholders of members to enforce a right of a corporation . . . , the corporation . . . having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains . . . , and (2) that the action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort . . . .

Fed. R. Civ. Pro. 23.1. Starke's complaint fails to comply with these provisions and contains no allegations of derivative rights or injuries. Instead, Starke alleges that he was damaged and seeks recovery for himself, not on behalf of FMI. Moreover, Starke never moved to amend his complaint to state derivative claims.

Starke's eleventh-hour attempt to avoid dismissal of his action by contending that it is really filed as a derivative action on behalf of FMI is not borne out by the pleadings in this case. Simply asserting this argument in opposition to summary judgment does not constitute a motion to amend. Because Starke cannot bring a personal action for claims that belong to FMI, Joda is entitled to judgment as a matter of law on Counts I, II and III of the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#28] is granted, and plaintiff's complaint is dismissed with prejudice.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of August , 2005.